UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHUBB INDEMNITY INSURANCE COMPANY : <br> 1133 Avenue of the Americas : <br> New York, NY 10036 : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ROHL, LLC : <br> 3 Parker : <br> Irvine, CA 92618 : <br> : <br> Defendant. : <br> : | Case No.: 20-12132 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Chubb Indemnity Insurance Company, by and through its undersigned attorneys, upon information and belief, hereby alleges as follows:

## PARTIES

1. Plaintiff, Chubb Indemnity Insurance Company ("Chubb"), is a New York corporation, with its principal place of business at 1133 Avenue of the Americas, 41st Floor, New York, NY, and at all times material hereto, was authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. Defendant, Rohl, LLC ("Rohl"), is a California Limited Liability Company, with a principal place of business at 3 Parker, Irvine, California, which is a wholly owned subsidiary of Fortune Brands Home & Security, Inc., a Delaware corporation with a principal place of business at 520 Lk Cook Rd, Deerfield, Illinois.

3. At all times material hereto, defendant Rohl was in the business of manufacturing and distributing kitchen and bath fixtures.

**JURISDICTION AND VENUE**

4. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 in that this is an action between citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

5. Venue is properly laid in this judicial district because the event giving rise to this action occurred in this judicial district.

**FACTUAL ALLEGATIONS**

6. At all times material hereto, Chubb's insureds, Donald and Carolyn Moriarity ("the Moriaritys"), owned the real property located at 12 Middle Valley Road, Nantucket, Massachusetts ("the Property").

7. At all times material hereto, Chubb provided property insurance to the Moriaritys for the Property pursuant to policy number 001466738803 ("the Policy").

8. At all times material hereto, there was a Rohl Cisal model faucet installed in the kitchen sink at the Property ("the Faucet")

9. The Faucet was manufactured and/or distributed by defendant.

10. The Faucet included two attached flexible braided stainless steel hoses, which were intended to be connected to the hot and cold water lines.

11. On or about February 23, 2020, the flexible stainless steel hose connected to the cold water feed line failed resulting in significant water damage to the Property.

12. The failure of the stainless steel braiding was due to corrosion from exposure to chlorine that was contained in ordinary cleaning products that were stored under the sink at the Property

13. Defendant should reasonably have expected that the Faucet would be installed in an environment where ordinary cleaning products containing chlorine would be stored.

14. The Incident and resulting damages were the result of a defect in the Faucet.

15. Pursuant to the terms of the Policy, plaintiff Chubb reimbursed its insureds in the amount in excess of $75,000 for damages resulting from the Incident.

16. In accordance with the common law principles of legal and equitable subrogation and the terms of the Policy, to the extent of its payments, plaintiff Chubb is subrogated to the rights of its insureds with respect to any claims against defendant.

## COUNT I:  BREACH OF IMPLIED WARRANTIES

17. The Faucet was designed, manufactured and/or distributed by defendant Rohl.

18. In placing the Fixture into the stream of commerce, defendant impliedly warranted that it was of merchantable quality and fit for its intended uses.

19. The Faucet was intended to be installed in applications such it was used at the Property.

20. The Faucet failed while being used for its intended purpose.

21. The Faucet was not fit for its intended uses because its flexible braided stainless steel water hose was susceptible to corrosion and degradation from exposure to chlorine that is common in ordinary household cleaning products, which are routinely stored under sinks where the braided stainless steel line is intended to be installed.

22. There had not made any modifications or alterations to the Faucet since the time it was placed into the stream of commerce by defendant.

23. Defendant breached its implied warranty because the Faucet was not of merchantable quality and was unfit for its intended uses when it was placed into the stream of commerce.

24. As a direct and proximate result of the aforesaid breach, the Incident occurred and resulted in significant damages to plaintiff.

WHEREFORE, plaintiff demands judgment against defendant together with interest, costs and other relief that this court deems just and equitable.

## **COUNT II:   NEGLIGENCE**

25. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though each were set forth fully herein at length.

26. The Incident and resulting damages were directly and proximately caused by the negligence, carelessness, gross negligence and/or recklessness of defendant, which consisted of the following:

    (a) failing to safely and properly design the Faucet;

    (b) failing to properly account for anticipated environmental conditions in designing the Faucet;

    (c) failing to use a strong enough rubber liner in the design and/or manufacture of the braided water supply line for the Faucet;

    (d) failing to use stainless steel braiding that was capable of withstanding exposure to chlorines found in ordinary household cleaning products in the design and/or manufacture of the Faucet;

    (e) supplying the Faucet with a braided stainless steel water supply line which was susceptible to corrosion from exposure to ordinary household cleaning products;

    (f) failing to provide proper warnings regarding the risk of failure from exposure to ordinary household cleaning products; and

    (g) such other and further negligent acts and omissions as may be revealed during discovery.

WHEREFORE, plaintiff demands judgment against defendant together with interest, costs and other relief that this court deems just and equitable.

                                        Respectfully submitted,

                                        /s/ Patrick J. Loftus, III
                                        Patrick Loftus, III, BBO# 303310
                                        Katherine C. Loftus, BBO# 692288
                                        Loftus & Loftus, PC
                                        546 East Broadway
                                        South Boston, MA 02127
                                        617-268-7777
                                        pjl@loftusandloftuspc.com
                                        kcl@loftusandloftuspc.com

Of Counsel
Daniel J. Luccaro, Esquire
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
215-665-6968
215-701-2368 (fax)
dluccaro@cozen.com